UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDREW B. DUNCAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-1478 (TSE) |
| ) | Criminal Action No. 1:17-cr-106 (TSE) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner Andrew B. Duncan's ("Duncan") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 225).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned U.S. Magistrate Judge recommends, for the following reasons, that Duncan's Motion be DENIED.

## I. PROCEDURAL BACKGROUND

On January 11, 2018, Duncan appeared before Judge Ellis for sentencing. (Dkt. 154.) At that hearing, the Court imposed a sentence of 384 months. (Dkts. 154, 158.) After sentencing, on November 30, 2018, Duncan filed a § 2255 Motion. (Dkt. 225). On January 17, 2019, the District Judge referred Duncan's Motion to the undersigned to prepare and issue a Report and Recommendation. (Dkt. 228.) Several days later, the undersigned issued an order, directing the Government to file a response to Duncan's motion within sixty (60) days. (Dkt. 229.) The

---

1. Relevant filings before the Court include Peitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 225) ("Mot."); Government's Response to Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 245) ("Gov't Opp'n"); and all attachments and exhibits submitted with those filings.

Government complied with the Order and filed an opposition on March 25, 2019. (Dkt. 245.) The Government served Duncan and provided him with notice pursuant to Local Rule 7(K). Duncan did not file a reply in support. Therefore, finding a hearing to be unnecessary, the undersigned began preparing this Report and Recommendation.

## II. STATEMENT OF FACTS

Upon a review of the filings, the undersigned makes the following relevant findings of fact.

On May 18, 2017, a federal grand jury returned a forty-one (41) count indictment charging Duncan, along with three other individuals, for his participation in multiple armed robberies. (Gov't Opp'n at 2.) Specifically, Duncan was charged with twenty-four counts, consisting of one (1) count of conspiracy to obstruct commerce by robbery, ten (10) counts of obstructing commerce by robbery, ten (10) counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, and three (3) counts of possessing a firearm after having been convicted of a felony. (*Id.*) Duncan initially pleaded not guilty as to all twenty-four counts at his arraignment and demanded a jury trial. (*Id.*; Dkt. 28.)

Several months later, on October 6, 2017, Duncan appeared before the District Judge for a change of plea. (Gov't Opp'n at 2, Ex. A.) Pursuant to a plea agreement with the United States, Duncan pleaded guilty to Counts 21 and 24 of the indictment. (*Id.*) Both counts charged Duncan with using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2. (*Id.*; Dkt. 101.) The plea agreement specified that Count 21 carried a mandatory minimum sentence of seven (7) years and that Count 24 carried a mandatory minimum sentence of twenty-five (25) years, which was to run consecutively. (Gov't Opp'n at 2; Dkt. 101 at 1.) During the hearing, the District Judge discussed these potential sentences in detail with Duncan. (Hr'g Tr. 11:3-8, 13:16-14:8, 16:4-9, 22:22-23:2, 23:8-19, 24:1-

3, Oct. 6, 2017.) At one point, the District Judge explained to Duncan "you have to serve 7 years before you begin to serve the 25 years" and that Duncan's "total sentence [would] be 32 years" which Duncan affirmatively stated he understood. (Hr'g Tr. 23:9-12.) Moreover, Duncan confirmed at the hearing that he reviewed the plea agreement with counsel and that he understood the agreement's terms and conditions. (Hr'g Tr. 11:17-12:17.)

The plea agreement also provided that Duncan waived his right to appeal his conviction and any sentence within the statutory maximum. (Gov't Opp'n at 3; Dkt. 101 at 1, 3-4.) The statutory maximum in this case was life imprisonment. (Gov't Opp'n at 3.) However, the waiver did not apply to claims of ineffective assistance of counsel. (Dkt. 101 at 4.) At the hearing, the District Judge asked Duncan if he understood that he would ordinarily have the right to appeal his sentence, but that he waived that right in the plea agreement. (Hr'g Tr. 24:12-15.) Duncan confirmed he understood he would be waiving this right. (Hr'g Tr. 24:16.)

During the hearing, Duncan never raised an objection or concern regarding his representation by counsel. On two separate occasions, the District Judge asked Duncan if he was "fully satisfied with the advice and counsel" his attorney provided him thus far in the case. (Hr'g Tr. 9:4-6, 11:24-25.) Both times, Duncan unequivocally stated he was satisfied with his counsel's representation. (Hr'g Tr. 9:7, 12:2.)

After ensuring that the entry of each guilty plea was knowing, voluntary, and supported by an independent basis in fact, the District Judge accepted Duncan's pleas and adjudged him guilty of Counts 21 and 24. (Gov't Opp'n at 3; Hr'g Tr. 37:10-38:18.) Honoring its obligations under the plea agreement, the Government moved to dismiss the remaining twenty-two (22) counts pending against Duncan. (Gov't Opp'n at 3.) The District Judge granted that motion and dismissed the remaining counts without prejudice. (Hr'g Tr. 39:1-4.)

On January 11, 2018, Duncan appeared before the District Judge for his sentencing and received a sentence of 384 months (32 years).

### III. LEGAL STANDARD

A federal prisoner may, under 28 U.S.C. § 2255, move to vacate, set aside or correct, a federal prison sentence on one of the following grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. *See Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

Relief under § 2255 is reserved for situations in which failing to grant relief would be "'inconsistent with the rudimentary demands of fair procedure' or constitute[] a complete 'miscarriage of justice.'" *United States v. Vonn*, 535 U.S. 55, 64 (2002) (quoting *United States v. Timmreck*, 441 U.S. 780, 783 (1979)). Therefore, a § 2255 motion "may not do service for an appeal," and claims that have been waived are therefore procedurally defaulted unless the movant can show cause and actual prejudice. *United States v. Frady*, 456 U.S. 152, 165-67 (1982). However, there is an exception to this rule when a defendant brings a claim of constitutionally ineffective assistance of counsel. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (concluding ineffective assistance claims should be raised in § 2255 motions unless there is "conclusive evidence of ineffective assistance on the face of the record" (citations omitted)).

Under § 2255(b), a movant is to be granted an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A district judge has discretion to deny without a hearing § 2255 motions which state

"only legal conclusions with no supporting factual allegations." *See Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970) (internal quotation marks and citations omitted).

## IV. ANALYSIS

Duncan contends his sentence should be vacated on two separate grounds. First, that he received ineffective assistance of counsel. (Mot. at 4.) Second, that the stacking of his two sentences was improper because he had not been previously convicted of another § 924(c) offense. (*Id.* at 5.) The undersigned addresses each in turn.

### A. Ineffective Assistance of Counsel

Duncan alleges several different instances in which he argues his counsel provided ineffective representation. Specifically, Duncan contends (1) his attorney never responded to written correspondence from Duncan in which he expressed concerns about his case; (2) his attorney never informed him that the plea agreement required him to waive his right to appeal; (3) and that counsel erroneously advised him to enter a guilty plea to avoid a potential sentence of 232 years and to take advantage of new legislation which would allow him to receive a sentence reduction. (Mot. at 4, 10.) The undersigned finds Duncan falls far short of establishing a cognizable ineffective assistance of counsel claim.

To establish a claim of ineffective assistance of counsel, the movant must show both that (1) "counsel's performance was deficient" and that (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance occurs when "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Prejudice, in the context of plea deals, exists when "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted).

Here, Duncan fails to establish that his counsel's performance fell below an objective level of reasonableness. Many of Duncan's allegations are contradicted by the record in this case, including Duncan's testimony at his plea colloquy. "In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).

Duncan's claim that counsel never responded to his written requests fails to satisfy *Strickland*'s first prong. Duncan offers no explanation for why he told the District Judge twice during his plea hearing that he was "fully satisfied" with counsel's representation. Presumably, if Duncan maintained concerns regarding his plea deal that counsel continued to decline to answer, he would have made some mention of it during the hearing.

Next, Duncan's allegation that he unknowingly waived his right to an appeal is also contradicted by the record. The plea agreement conspicuously provided for a general appellate waiver. Duncan stated under oath that he reviewed the terms of the plea agreement with his attorney. Therefore, it seems quite unlikely his attorney never informed Duncan that the agreement included such a waiver. Moreover, when the District Judge explicitly informed Duncan that the plea agreement required him to waive his right to appeal any sentence imposed, Duncan affirmatively stated he understood.

Finally, counsel's advice that Duncan may receive the benefit of a sentence reduction due to future legislation, if true, and that Duncan should take the Government's plea offer likely does not rise to the level of unreasonableness. First, informing a client about the potential remedial effect of future legislation does not appear to be unreasonable. While Duncan offers little in terms of substance of what exactly counsel told him, merely advising a client that future legislation may

result in a sentence reduction is not in and of itself unreasonable. Even if the undersigned were to interpret counsel's advice as far less measured, Duncan's claims are again squarely undermined by his plea colloquy testimony. Duncan testified that he understood that he faced a minimum sentence of 32 years upon pleading guilty. The District Judge informed Duncan that Duncan could only receive a reduction if the government made a motion based on cooperation or the guidelines reflected a reduction based on cooperation. (Hr'g Tr. 11:3-8.) Duncan stated under oath that he understood. Second, advising Duncan to consider accepting the Government's plea offer appears quite reasonable. As the Government points out, Duncan faced a total of 232 years of imprisonment, (Gov't Opp'n at 6), and, by accepting the plea deal, Duncan greatly reduced his potential prison exposure.

Regardless, assuming any of counsel's complained of conduct fell below an objective standard of reasonableness, Duncan fails to show that it resulted in any prejudice. Duncan makes no allegations that but for counsel's lack of response to written communications, failure to inform him of the plea agreement's appellate waiver, or advice regarding potential sentence reduction, he would not have pleaded guilty and instead insisted on going to trial. *Hill*, 474 U.S. at 60. The only allegation not directly contradicted by the record is Duncan's allegation that counsel gave him erroneous advice about the effect of "new laws" on his sentence length. (Mot. at 4.) However, a potential single legal mistake alone does not establish prejudice, as Duncan alleges "no special circumstances that might support the conclusion that he placed particular emphasis on" a sentence reduction due to future laws in deciding whether or not to plead guilty. *Hill*, 474 U.S. at 60.

Therefore, because Duncan cannot show either deficient performance or actual prejudice, the undersigned finds that Duncan fails to establish a cognizable claim of ineffective assistance of counsel.

7

B. Stacking of Sentences

Duncan contends that the stacking of his two sentences was improper. (Mot. at 5.) The undersigned interprets this argument as a claim that Duncan's sentence violates his rights under the Eighth Amendment, and finds that Duncan's plea agreement bars him from raising this claim.

"It is well settled that a criminal defendant may waive the statutory right to appeal his sentence." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014) (citations omitted). Absent evidence the Government breached its obligations under the plea agreement, the appellate waiver will be enforced so long as the waiver was valid and the "issue being appealed is within the scope of the waiver." *Id.* (citations omitted). Only in very limited circumstances will a court allow a defendant to commence a direct appeal despite a general waiver of appellate rights. *Id.* at 222-23 (listing errors that fall outside scope of appellate waiver).

Here, Duncan's plea agreement clearly constitutes a valid waiver of his right to appeal any sentence within the statutory maximum. Claims that he unknowingly waived his right to appeal are baseless. During his plea colloquy, Duncan stated he understood that the agreement required him to waive his right to appeal. (Hr'g Tr. 24:12-16.) Moreover, Duncan stated on multiple occasions during his colloquy that he read the plea agreement, reviewed it with his lawyer, and agreed with its terms. (Gov't Opp'n at 8 n.1.) He cannot now claim to be unfamiliar or unaware of the plea agreement's terms. Furthermore, Duncan's present challenge falls squarely under his appellate waiver as he waived the right to appeal any sentence within the statutory maximum. Because the statutory maximum was life imprisonment, Duncan may not appeal his 32-year sentence. Finally, Duncan's alleged Eighth Amendment violation is not contained within the narrow class of errors that automatically fall outside the scope of an appellate waiver. The Fourth Circuit, in *United States v. Khan*, held that the "count-stacking" provisions of § 924(c) pass

constitutional muster and do not violate the Eighth Amendment. 461 F.3d 477, 495 (4th Cir. 2006). It follows, therefore, that Duncan's sentence did not "violate[] a fundamental constitutional or statutory right that was firmly established at the time of sentencing," and, as a result, the Court must enforce Duncan's valid appeal waiver. *Archie*, 771 F.3d at 223.

Due to his appellate waiver, Duncan cannot prosecute this claim through a § 2255 motion. *See United States v. Linder*, 552 F.3d 391 (4th Cir. 2009). Like Duncan, the defendant in *Linder* waived his right to appeal his conviction and sentence. *Id.* at 392. Nonetheless, the defendant still appealed and challenged the length of his sentence. *Id.* at 393-94. Eventually, the "Government invoked the appeal waiver in Linder's plea agreement, and [the Fourth Circuit] dismissed Linder's appeal . . . concluding that Linder waived his right to appeal." *Id.* at 394 (citing *United States v. Linder*, 174 F. App'x 174, 175 (4th Cir. 2006) (per curiam)). After the Fourth Circuit's dismissal, the defendant in *Linder* filed a § 2255 motion, raising essentially the same challenges he raised on appeal. *Id.* at 395. The Fourth Circuit affirmed the denial of the § 2255 motion, finding that the defendant merely sought to, again, "escape the terms of his plea agreement." *Id.* at 392, 396-97; *see also id.* at 397 ("Where the petitioner only waives the right to appeal, he is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal." (quoting Brian R. Means, *Fed. Habeas Practitioner Guide*, Jurisdiction ¶ 1.23.0 (2006/2007 ed.))).

As the government correctly notes, defendants consistently attack the constitutionality of § 924(c) stacked sentences on direct appeal. *See Khan*, 461 F.3d at 495; *see also, e.g., United States v. Wiest*, 596 F.3d 906, 912 (10th Cir. 2010); *United States v. Parker*, 241 F.3d 1114, 1117-18 (9th Cir. 2001); *United States v. Arrington*, 159 F.3d 1069, 1073 (7th Cir. 1998). Accordingly, Duncan's constitutional challenge to his sentence is something that could have been raised on

appeal. Duncan cannot circumvent or escape his plea agreement by using § 2255 to raise a challenge that otherwise would have part of a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994))).

As a result, the undersigned finds that Duncan's appellate waiver precludes any challenge to the stacking of his § 924(c) sentences.

## V. RECOMMENDATION

For the aforementioned reasons, the undersigned U.S. Magistrate Judge recommends that Andrew B. Duncan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 225) be DENIED.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to the Government and Defendant Andrew Duncan at the address below:

Andrew Bernard Duncan
Prisoner No. 42124-007,
Piedmont Regional Jail, P.O. Box 388
Farmville, Virginia 23901.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

May ___, 2019
Alexandria, Virginia

11